# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| CHUNTA N. HARRIS, | ) | Case No. 14-31651 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |

**COVER SHEET FOR FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF <u>FIGLIULO & SILVERMAN, P.C. AS TRUSTEE'S COUNSEL</u>**
**(Local Rule 5082-1(A))**

| | |
|---|---|
| Name of Applicant: | Figliulo & Silverman, P.C. |
| Authorized to Provide Professional Services to: | Michael K. Desmond, not individually but as Chapter 7 Trustee for the Estate of Chunta N. Harris |
| Date of Order Authorizing Employment: | August 3, 2017 [*Dkt.* No. 26] retroactive to August 28, 2014 |
| Period of Which Compensation is Sought: | July 11, 2017 through September 25, 2018 (allowance and payment) |
| Amount of Fees Sought: | $5,942.50 |
| Amount of Expenses Sought: | $14.56 |
| This is a(n): Interim Application: _____ | Final Application: __X__ |

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| None | | | | |

Dated: October 23, 2018          Respectfully submitted,

**FIGLIULO & SILVERMAN, P.C.**

Michael K. Desmond (IL #6208809)          By: /s/ Michael K. Desmond
FIGLIULO & SILVERMAN, P.C.
Ten South LaSalle Street, Suite 3600
Chicago, IL 60603
(312) 251-4600

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| CHUNTA N. HARRIS, | ) | Case No. 14-31651 |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
<u>FIGLIULO & SILVERMAN, P.C., AS TRUSTEE'S COUNSEL</u>**

Michael K. Desmond and the law firm of Figliulo & Silverman, P.C., collectively ("F&S"), counsel to Michael K. Desmond, not individually but as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Chunta N. Harris (the "Debtor"), pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 5082-1 of the Bankruptcy Court for the Northern District of Illinois (the "Local Rules") requests the entry of an order allowing and paying its first and final application for an award of compensation and reimbursement of expenses in the above-captioned case (the "Application").

In its Application, F&S requests allowance and payment of final compensation of $5,942.50 for 16.2 hours of legal services rendered to the Trustee during the period July 11, 2017 through September 25, 2018 (the "Application Period"). In support of its Application, F&S states as follows:

**<u>JURISDICTION AND VENUE</u>**

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (M).

3. The statutory predicates for the relief requested herein are Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 5082-1.

## BACKGROUND

4. On August 28, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court"), thereby commencing the above-entitled case and creating the Debtor's estate.

5. Michael K. Desmond is the duly appointed and qualified Chapter 7 Trustee ("Trustee").

6. On October 15, 2014, the Trustee conducted a meeting of creditors in this case pursuant to Section 341 of the Bankruptcy Code (the "341 Meeting").

7. On Schedule B, Debtor listed a pending personal injury claim arising out of a car accident as an asset of unknown value (the "Lawsuit").

8. Prior to the Petition date, the Debtor retained attorney John Budin to represent her in the personal injury action.

9. On July 20, 2017, the Bankruptcy Court entered an order authorizing the Trustee to retain attorney John Budin as Special Counsel, retroactive to August 28, 2014, to represent the Estate in connection with the personal injury action. [*Dkt. No*. 24].

10. On July 18, 2017, the Trustee filed a motion with this Court seeking to retain F&S as counsel to represent the Trustee in this bankruptcy case. On August 3, 2017, the Court entered the Order granting Trustee's Application for Authority to Employ F&S [Dkt. 26] retroactive to August 28, 2014, on the terms and conditions set forth in the motion. A true and correct copy of the Court's August 3, 2017 order is attached hereto as **Exhibit A**.

2

11. As set forth in the application, F&S is entitled to receive compensation on an hourly basis, which, as set forth in the application, are F&S's standard and customary hourly rates for work of this nature. Additionally, as set forth in the application, F&S is entitled to recover all expenses incurred in connection with its representation of the Trustee, including, but not limited to such expenses as filing fees, expert witness fees, deposition costs, transcripts, travel costs, copying costs, and courier charges. F&S's expenses will be reimbursed by the Debtor's bankruptcy estate out of the general funds of the Estate subject to approval of this Court.

## LEGAL SERVICES PERFORMED BY F&S

12. Legal services performed by F&S consisted primarily of researching and managing litigation pertaining to the pre-petition personal injury lawsuit filed by the Debtor. F&S oversaw the litigation, worked with special counsel to negotiate settlement on behalf of the Trustee, and managed issues related to this Estate. F&S filed a motion to employ special counsel, filed a motion to approve settlement, and managed issues relating to the Estate. By this Application, F&S seeks allowance and payment of final compensation of $5,942.50 for 16.2 hours of legal services rendered to the Trustee during the Application Period.

13. In light of the number of hours spent by F&S rendering legal services to the Trustee in this case and the amount recovered on behalf of the Estate, F&S submits that the amount sought for payment in this Application is fair and reasonable.

14. Pursuant to Local Rule 5082-1(C), F&S has attached hereto as **Exhibit B** its detailed time records setting forth the date the work was performed, the attorney performing the work, a brief statement of the nature of the work, and the time expended and fee charged for the work described in the entry.

15. Accordingly, pursuant to Local Rule 5082-1(B)(2), F&S seeks the allowance and payment of compensation of $5,942.50 for the legal services rendered to the Trustee during the Application Period.

## **NARRATIVE SUMMARY**
*(LOCAL RULE 5082-1(B))*

16. Local Rule 5082-1(B)(1)(a) – During the Application Period, F&S performed a variety of services on the Trustee's behalf, which have been categorized into principal activities. A summary list of these principal activities and the total compensation requested in connection with each is as follows:

| Task | Hours | Fees |
|---|---|---|
| Retention of Professionals | 3.5 | $1,050.00 |
| Settlement of Personal Injury Claim | 11.3 | $4,332.50 |
| Application for Compensation | 1.4 | $ 560.00 |
| Total | 16.2 | $5,942.50 |

17. Local Rule 5082-1(B)(1)(b) – Narrative summaries of F&S's principal activities follow, including details as to individual tasks performed within each activity:

(a) Retention of Professionals - The services under this task primarily consisted of drafting and filing motions to employ special counsel and bankruptcy counsel. In connection with these services, F&S expended 3.5 hours and incurred $1,050.00 in fees during the Application Period.

(b) Motion to Approve Settlement - The services under this task consisted of reviewing and negotiating a settlement proposal, negotiating medical liens associated therewith, preparing a motion to approve settlement for the personal injury claim and appearing in court for hearing on the motion to approve settlement. In connection with these services, F&S expended 11.3 hours and incurred $4,332.50 in fees during the Application Period.

(c) Application for Compensation – The services under this task consisted of preparation of this Application in connection with the Trustee's Final Report in this case. In connection with these services, F&S expended 1.4 hours and incurred $560.00 in fees during the Application Period.

4

18.     Local Rule 5082-1(B)(1)(c) – By this Application, F&S seeks compensation of $560.00 for 1.4 hours of legal services in connection with the preparation of this Application.

19.     Local Rule 5082-1(B)(1)(d) – A chart listing the name and position of each person with F&S who performed work on each task and activity, the approximate hours worked, and the total compensation sought for each person's work is attached as **Exhibit C**.

20.     Local Rule 5082-1(B)(1)(e) – The chart attached as **Exhibit D** also sets forth the hourly rate for each professional and paraprofessional for whom compensation is requested, with the total number of hours expended by each person and the total compensation sought for each.

21.     Local Rule 5082-1(B)(1)(f) – This is the first and final Application filed by F&S for compensation and reimbursement of expenses.

22.     Local Rule 5082-1(B)(1)(g) – F&S seeks the reimbursement of actual and necessary out-of-pocket expenses totaling $14.56. Invoices evidencing these expenses are attached hereto as **Exhibit E**.

23.     All of the expenses for which F&S seeks reimbursement were actually incurred by F&S, were necessary for the proper representation of the Trustee in this case, and were specifically allocated to the Trustee's case. None of the expenses represents general overhead or other expenses unrelated to this case.

24.     Local Rule 5082-1(B)(2) – F&S seeks the allowance and payment of compensation of $5,942.50 for 16.2 hours of legal services rendered to the Debtor and reimbursement of expenses of $14.56 incurred in connection with those services during the Application Period.

**DETAILED STATEMENT OF SERVICES**
*(LOCAL RULE 5082-1(C))*

25.     The Bankruptcy Rules require "[a]n entity seeking interim or final compensation

5

for services, or reimbursement of necessary expenses, from the estate [to] file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a). The Local Rules permit "[t]he applicant's detailed time records [to] constitute the detailed statement required by Fed. R. Bankr. P. 2016(a). Such statement must be divided by task and activity to match those set forth in the narrative description. Each time entry must state: (1) the date the work was performed, (2) the name of the person performing the work, (3) a brief statement of the nature of the work, (4) the time expended on the work in increments of tenth of an hour, and (5) the fee charged for the work described in the entry." Local R. 5082-1(C).

26. The time detail attached as **Exhibit B** comply with the requirements of Bankruptcy Rule 2016(a) and Local Rule 5082-1(C), because all time is divided by tasks and activities that match the narrative descriptions in this Application, and all time entries state the date of the work, name of person performing the work, a brief description of the nature of the work, the time expended on the work in increments of tenth of an hour, and the fee charged for the work described.

## BASIS FOR RELIEF

27. Pursuant to Sections 330 and 331 of the Bankruptcy Code and the generally applicable criteria with respect to time, nature, extent, and value of services performed, all of F&S's services are compensable and the compensation requested is fair and reasonable. All of the legal services performed by F&S during the Application Period were required for the proper representation of the Trustee in this bankruptcy case.

28. The compensation sought by F&S in this Application is for ordinary and necessary services rendered to the Trustee, and the fees sought are reasonable.

29. In light of the number of hours spent by F&S rendering legal services to the Trustee in this case and the amount recovered on behalf of the estate, F&S submits that the amount sought for payment in this Application is fair and reasonable.

30. F&S prepared this Application in accordance with the guidelines established by Bankruptcy Rule 2016, Local Rule 5082-1, and this Court. In addition to services provided directly for the benefit of the Estate, F&S is also entitled to receive compensation for the preparation of this Application. *Pettibone*, 74 B.R. at 304.

31. Although the Court has discretion in reviewing a fee petition, it should exercise its discretion with care and fairness in order to promote the goal of inducing competent and capable attorneys to practice in the bankruptcy court. *See Pettibone*, 74 B.R. at 306. F&S has at all times acted specifically in the best interests of the Estate. All services performed by F&S and all expenses incurred were reasonable and necessary and for the benefit of the Debtor's bankruptcy estate.

32. F&S has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by F&S for services rendered to the Trustee in this case.

## NOTICE

33. F&S has provided at least twenty-one days' notice of this Application to all parties registered with CM/ECF in this case, including Debtor, Debtor's counsel, and the Office of the United States Trustee. Additionally, F&S has served a Notice of Hearing on this

Application along with a Notice of Hearing on the Trustee's Final Report by first class U.S. mail on all creditors who have filed claims in this case.

WHEREFORE, Figliulo & Silverman, P.C. respectfully requests that this Court enter an order:

(a) Granting the relief requested in this Application;

(b) Granting F&S's request to limit notice as set forth above and finding that the Notice of the Hearing on this Application was sufficient;

(c) Allowing F&S final compensation in the amount of $5,942.50 for the legal services to the Trustee between July 11, 2017 through September 25, 2018;

(d) Allowing final reimbursement of expenses in the amount of $14.56;

(e) Authorizing and directing the Trustee to pay to F&S $5,942.50 as compensation for the legal services rendered to the Trustee, and reimbursement of expenses in the amount of $14.56 between July 11, 2017 through September 25, 2018; and

(f) Granting such other relief as this Court deems necessary or appropriate.

Dated: October 23, 2018                    Respectfully submitted,

**FIGLIULO & SILVERMAN, P.C.**

By: /s/ *Michael K. Desmond*

Michael K. Desmond (IL #6208809)
FIGLIULO & SILVERMAN, P.C.
Ten South LaSalle Street, Suite 3600
Chicago, Illinois 60603
(312) 251-4600

# CERTIFICATE OF SERVICE

The undersigned attorney states that on October 23, 2018 a copy of the attached **FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF FIGLIULO & SILVERMAN, P.C. AS TRUSTEE'S COUNSEL** will be served on all counsel listed below in accordance with the General Order on Electronic Case Filing and subject to the provisions of Fed. R. Civ. P. 5(b)(3), the Notice of Electronic Filing that is issued through the court's Electronic Case Filing System will constitute service under Fed. R. Civ. P. 5(b)(2)(D) and Fed. R. Crim. P. 49(b) as to all Filing Users in a case assigned to the court's Electronic Case Filing System. I also served the Debtor by placing a copy of same in the U.S. Mail at 10 S. LaSalle St., Chicago, IL 60603 before 5:00 p.m., proper postage prepaid.

And I hereby further certify that on October 23, 2018, I served the **Notice of Hearing** on this First and Final Application along with a **Notice of Hearing** on the Trustee's Final Report by first class U.S. mail upon those named on the Manual Service List including all creditors who filed claims below, by depositing a copy of same in the U.S. Mail before 5:00 p.m., proper postage prepaid.

/s/ Michael *K. Desmond*

## SERVICE LIST
**Mailing Information for Case 14-31651    Electronic Mail Notice List**

- **Michael K Desmond**   mkd.trustee@fslegal.com, IL23@ecfcbis.com
- **Michael K Desmond**   mdesmond@fslegal.com, dorisbay@fslegal.com
- **David Gallagher**   dgallagher@uprightlaw.com, dgallagher@lawsolutionsbk.com, notices@lawsolutionsbk.com
- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov

## MANUAL NOTICE LIST

Chunta N. Harris
1120 E. Bowen Rd, Apt 3
Chicago, IL 60657
 *(Debtor)*

## CREDITORS WHO FILED CLAIMS

Navient Solutions, LLC on behalf of
Dept. of Education Loan Services
P.O. Box 9635
Wilkes-Barre, PA 18773-9635
*Claimant #1*

LVNV Funding LLC its successors and assigns
As assignee of MCI Communications Services
Resurgent Capital Services
P.O. Box 10587
Greenville, SC 29603-0587
*Claimant #2*

9